IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**EMORY CHILES,**

      **Plaintiff,**

v.                                                                                                   **Civil Action No. 2:08cv82**
                                                                                                     **(Judge Maxwell)**

**UNITED STATES OF AMERICA;**
**THOMAS E. JOHNSTON, Former United States Attorney;**
**JAMES E. SEIBERT, United States Magistrate Judge;**
**RANDOLPH BERNARD, Asst. United States Attorney;**
**FREDERICK P. STAMP, United States District Judge;**

      **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**

The *pro se* plaintiff initiated this case pursuant to a civil rights complaint filed on August 1, 2008. On August 18, 2008, the plaintiff was granted permission to proceed as a pauper. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### I. Factual and Procedural History

On or about May 9, 2005, a criminal complaint was filed against the plaintiff in this Court. See 5:05cr18. An arrest warrant issued and the plaintiff initially appeared before the Honorable James E. Seibert, United States Magistrate Judge, who ordered the petitioner detained. Id. Eventually, the plaintiff was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id. at Dckt. 44. As a result, on October 25, 2005, the plaintiff was sentenced to 120 months imprisonment. Id. at Dckt. 54.

The plaintiff filed a direct appeal of his conviction and sentence on October 27, 2005. Id.

at Dckt. 55. The plaintiff's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals on July 11, 2006. Id. at Dckt. 66.

On May 22, 2007, the plaintiff filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence. Id. at Dckt. 73. On June 3, 2008, Magistrate Judge Seibert entered a Report and Recommendation which recommends that the plaintiff's § 2255 motion be denied on the merits. Id. at Dckt. 104. Magistrate Judge Seibert's Report and Recommendation is currently under advisement by the sentencing judge, the Honorable Frederick P. Stamp, Jr., United States District Judge.

In his complaint, the plaintiff asserts that "[t]he United States government failed to file a notice of acceptance of jurisdiction with West Virginia pursuant to '40 USCS 3112', thus jurisdiction [was] never ceded to the United States." Complaint at 2. Because the "law requires proof of jurisdiction to appear on the record" the plaintiff asserts that the government's failure to file a notice of acceptance of jurisdiction (through Assistant United States Attorney Randolph Bernard or former United States Attorney Thomas Johnston) violated his Fifth Amendment right to due process. Id. The plaintiff further asserts that such failure was an act of fraud that left the court without jurisdiction to try him and renders his conviction void. Id. at 3. Moreover, the plaintiff asserts that because the court was without jurisdiction to try him, the defendants do not enjoy traditional immunity from suit. Id.

As relief, the plaintiff seeks $10,000,000.00 in compensatory damages and $10,000,000.00 in punitive damages against the defendants jointly. Complaint at 5-6. The plaintiff also seeks reasonable attorney fees and any other relief the Court deems necessary and proper. Id. at 6.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.  Analysis

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his

---

[1] Id. at 327.

3

criminal conviction through a civil suit. Id. at 484.

Here, the plaintiff clearly attempts to collaterally attack his criminal conviction through a civil suit. Indeed, a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction. However, the plaintiff has failed to show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits of his claims and this case is frivolous and due to be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (Dckt. 1) be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. The failure to timely file objections as set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

4

docket, and to counsel of record via electronic means.

DATED: February 24, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE